IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GREGORY ROBINSON, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV192 |
| | ) | |
| MS. S, WILLIAMS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the warden of his former prison, S. Williams, and two officers working at that prison, Honbarrier and Shuler, as Defendants based on a handcuffing incident that he claims left him with carpal tunnel syndrome. He seeks damages and other relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The Complaint alleges that, on October 1, 2019, Defendant Williams, the Warden of Piedmont Correctional Facility, sent an emergency response team to search the canteens in that facility. (Docket Entry 3, § IV(D).) As part of that search, Defendant Honbarrie placed Plaintiff in restraints and moved him to a receiving area before removing them, reapplying them behind Plaintiff's back, and placing Plaintiff in a holding cell with four other inmates. (Id. Attach.) Defendant Shuler then monitored the holding cell for three and a half hours. (Id. Attach. § II(D).) The Complaint states that Defendant Shuler did not remove the restraints because of a directive to leave the inmates in handcuffs. (Id. Attach.) As a result of being handcuffed as he was, Plaintiff allegedly developed carpal tunnel syndrome that required medical treatment. (Id. § V.) He now raises claims under § 1983 against the Defendants for negligence and a violation of his right under the 8th Amendment to be free from cruel and unusual punishment.

Regarding Plaintiff's claims for negligence, § 1983 does not allow for such claims. It allows causes of actions only for intentional violations of federal constitutional and statutory rights. "[M]ere negligence does not state a state a claim under § 1983." Williams v. Meirs, No. 1:16CV1330, 2017 WL 2684014, at *3 (E.D. Va. June 19, 2017) (citing Daniels v. Williams, 474 U.S. 327, 328, 330 (1986) and Odom v. Soles, No. Civ. A. 00–000841, 2001 WL 34829064, at * 2 (E.D.Va. Apr. 3, 2001). Therefore, all of Plaintiff's negligence claims should be dismissed and only his Eighth Amendment claims will be considered further.

As to Defendant Williams, the only allegation in the Complaint is that she ordered a search of the canteens by the emergency response team. There are no facts in the Complaint

3

to demonstrate that this order was in some way illegal and there is no allegation that she ordered Plaintiff or any prisoner to be handcuffed or was aware that it was occurring at the time the search was carried out. In fact, the Complaint alleges that the order came from a different officer. (Docket Entry 3, § IV(D).) It appears that Plaintiff names Defendant Williams as a Defendant based mainly on her position as a supervisor. However, this is not proper because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). In the end, the Complaint really names Defendant Williams based on her position as a supervisor and based on the allegation that she gave a lawful order for a search. Neither basis states a claim under § 1983.

As for the other two Defendants, again, not every injury equates to a constitutional claim and mere negligence is again not sufficient to state a claim. To establish a claim, Plaintiff would have to demonstrate that Defendants intended to punish and harm him or that he was "'incarcerated under conditions posing a substantial risk of serious harm" and that Dennis and Cope acted with "a 'sufficiently culpable state of mind'" by showing deliberate indifference to Plaintiff's health or safety. Price v. Sasser, 65 F.3d 342, 345 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 834). "[D]eliberate indifference is '"something more than mere negligence."' Id. (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994). ). Plaintiff must show that Honbarrie and Shuler knew of, but disregarded, a substantial risk to Plaintiff's health or safety. Odom v. South Carolina Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003). The Complaint alleges no facts indicating that Defendants' handcuffing of Plaintiff was intended as

4

punishment or to cause harm, as opposed to being undertaken as a security measure during the canteen searches at the direction of their superior officer. As for deliberate indifference, there are also no facts alleged showing that either officer was aware that Plaintiff was suffering any injury or that he faced a substantial risk of harm. Indeed, Defendant Honbarrie was only briefly involved in handcuffing Plaintiff. Defendant Shuler was present for much longer, but the Complaint alleges no facts suggesting he knew of any harm or risk of harm to Plaintiff. The Complaint states no claim for relief and should be dismissed.

Plaintiff also filed a Motion (Docket Entry 3) seeking an appointment of counsel in this case. That Motion will be denied in light of the recommendation of dismissal.

Finally, Plaintiff has submitted the Complaint for filing and, notwithstanding the preceding determination that it should be dismissed, § 1915(b)(1) requires that he make an initial payment of $53.44. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied and that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $53.44.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September

5

of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 4th day of August, 2022.

/s/ Joe L. Webster
United States Magistrate Judge