IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GREGORY ROBINSON, JR.,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:22-cv-192
                                 )
MS. S. WILLIAMS, Interim         )
Warden, MR. HON BARRIER,         )
Officer and MR. SHULER,          )
                                 )
          Defendants.            )
```

**ORDER**

This matter is before the court for review of the Order and Recommendation ("Recommendation") filed on August 4, 2022, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 4.) In the Recommendation, the Magistrate Judge recommends that this action be dismissed pursuant to Section 1915A(b) because it fails to state a claim on which relief may be granted. (Id. at 2.) The Recommendation was served on the Plaintiff on August 4, 2022. (Doc. 5.) Plaintiff filed a timely objection. (Doc. 6.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This "court may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge . . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has reviewed the Recommendation as well as Plaintiff's objections and has made a de novo determination and finds the Recommendation should be adopted in part. This court adopts the finding explained in the Recommendation that mere negligence does not state a claim under § 1983. (Doc. 4 at 3.) This court also adopts the finding explained in the Recommendation that any claim against Defendant Williams should be dismissed. (Id. at 3-4.)

With respect to negligence, although this court agrees with the Magistrate Judge that negligence does not establish a claim pursuant to § 1983, it is not clear whether Plaintiff asserts negligence as a basis for liability under 42 U.S.C. § 1983 or whether Plaintiff asserts negligence as a supplemental state law claim. (See, e.g., Doc. 6 at 2 ("Plaintiff also specifically objects to the Magistrate Judge order that dismisses his 8th Amendment claim and negligence claims.").)

Even assuming, arguendo, that Plaintiff's negligence claims are based in state law, those claims are subject to dismissal on sovereign immunity grounds. The North Carolina Tort Claims Act provides a limited waiver of state sovereign immunity for negligence actions against public officers when acting in their official capacity. Kawai Am. Corp. v. Univ. of N.C. at Chapel

Hill, 152 N.C. App. 163, 165-66, 567 S.E.2d 215, 217 (2002). The Tort Claims Act also establishes that the appropriate forum for such suits against "departments, institutions and agencies of the State" is the North Carolina Industrial Commission. Carter v. Stanly Cnty., 123 N.C. App. 235, 238-39, 472 S.E.2d 378, 380 (1996). Consequently, Plaintiff's claims based on negligence can be pursued, but they must be pursued before the Industrial Commission, and will therefore be dismissed from this matter. See Guthrie v. N.C. State Ports Auth., 307 N.C. 522, 540-41, 299 S.E.2d 618, 628 (1983). 28 U.S.C. § 1915A(b)(2) generally requires dismissal in situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).

However, this court declines to adopt the recommendation of dismissal as to Defendants Honbarrier and Shuler[1] at this stage of the proceedings.

Plaintiff alleges that Officer Honbarrier placed restraints on Plaintiff, escorted him to the receiving area, reapplied the restraints behind Plaintiff's back, and placed Plaintiff in a

---

[1] The Recommendation includes a reference to "Dennis and Cope." (Doc. 4 at 4.) It is not clear who those two are; this court assumes the reference is mistaken and was intended to refer to Honbarrier and Shuler.

- 3 -

holding cell. (Doc. 2 at 6.) Officer Shuler is alleged to have monitored the holding cell and refused to remove the handcuffs. (Id.) According to Plaintiff, he was left "in handcuffs behind [his] back for more than 3.5 hours." (Id. at 4.) Plaintiff's allegations are sufficient to plausibly allege that he was locked in a holding cell with his hands handcuffed behind his back for three and a half hours. Plaintiff also alleges an injury as a result of the incident, that is, swelling and numbness of his left hand, wrist, and forearm as a result of the events alleged. (Doc. 2 at 5.) Plaintiff also alleges, albeit inartfully, that Shuler refused to take the handcuffs off, providing a reasonable inference that Plaintiff made a request for removal, (id. at 6), and that another inmate "witness[ed] . . . the distress Plaintiff was in," (id.).

For purposes of screening pursuant to § 1915A, the issue is whether these allegations are sufficient to plausibly allege a claim under 42 U.S.C. § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This court finds that the complaint plausibly alleges a claim of excessive force for purposes of § 1915A.

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (internal citations and quotations omitted). "When prison officials maliciously and sadistically use force to

- 4 -

cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> An inmate's Eighth Amendment claim involves a subjective component and an objective component. "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual."

Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (internal citations omitted). At this stage of the proceedings, Plaintiff has alleged a sufficiently serious injury, that is, swelling and numbness in his left hand, wrist, and arm, as well as a carpel tunnel injury. (See Doc. 2 at 5.) While these injuries may or may not prove to have been caused by the handcuffing, at this stage they are sufficient to plausibly establish injury.

Plaintiff's allegations must also show Defendants acted with a sufficiently culpable state of mind.

> The Supreme Court has set forth four non-exclusive factors to assist courts in assessing whether an officer has acted with "wantonness": (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response."

- 5 -

Iko, 535 F.3d at 239 (citations omitted). Plaintiff alleges that he "was placed in handcuffs due to a facility search of canteens," (Doc. 2 at 5), and "locked in the holding cell still handcuffed behind [his] back," (id. at 4). A facility search of canteens does not appear to suggest a threat or corresponding need for application of force. Similarly, no basis is readily apparent as to why Plaintiff may have been handcuffed while locked in a holding cell. "Under the Eighth Amendment, prisoners have the right to be free from malicious or penologically unjustified infliction of pain . . . . This principle applies with particular force when inmates have not engaged in wrongdoing, are restrained and compliant and posing no physical threat." Thompson v. Virginia, 878 F.3d 89, 102 (4th Cir. 2017).

Drawing all reasonable inferences in favor of Plaintiff, see Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted), this court finds that Plaintiff's allegations are sufficient to allege, at least by reasonable inference, the infliction of injury on Plaintiff who was not engaged in wrongdoing, restrained in a holding cell, was compliant, and posing no physical threat. See Thompson, 878 F.3d at 102. For purposes of a review pursuant to § 1915A, this court finds these allegations

sufficient to establish wantonness within the meaning of the Eighth Amendment.

Plaintiff's claims will be allowed to proceed as to defendants Honbarrier and Shuler.[2] Although Plaintiff alleges simply that Shuler refused to remove the handcuffs, Plaintiff alleges inaction resulting in a serious risk of harm and a culpable state of mind evidenced by a failure to intervene. See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 4), is **ADOPTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis is granted.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer is directed to pay the Clerk of this Court 20% of all deposits to his accounting starting with the month of May of 2023 and thereafter each time the amount in the account exceeds $10.00 until the $402.00 filing fee has been paid.

---

[2] Plaintiff alleges claims for declaratory and injunctive relief as well as compensatory and punitive damages as to these Defendants. (Doc. 2 at 5.) "[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office.'" Hafer v. Melo, 502 U.S. 21, 26 (1991). Section 1983 permits official capacity suits seeking injunctive relief against state officials, see Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), however, a state official is outside the class of persons subject to liability for damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff's claims for damages are limited to the Defendants in their individual capacity.

- 7 -

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff summonses for Defendants Honbarrier and Shuler. Plaintiff must fill out a summons for each Defendant, including an address suitable for service, and then return the summons(es) to the Clerk. Failure to provide an address wherein service may be made on any Defendant will result in the dismissal of the action as to all such unserved defendants after 90 days from the date of the filing of the complaint. See Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that the United States Marshal, upon return of the properly completed summons(es) shall serve the complaint upon the Defendant(s).

This the 19th day of April, 2023.

_____
William L. Osteen, Jr.
United States District Judge